**Opinion issued October 11, 2012.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-11-00969-CV**

————————————

**ALAN NEIL MCGILBERY, Appellant**

**V.**

**DORIS FELIX MCGILBERY, Appellee**

---

**On Appeal from the 247th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-15414**

---

**MEMORANDUM OPINION**

This case arises out of a suit for divorce. The trial court entered a declaratory judgment finding that a common-law marriage exists between Doris McGilbery and Alan McGilbery. Alan appeals from the trial court's judgment, contending that

the trial court erred in concluding that he is informally married. As the trial court's order does not dispose of the pending divorce action between the parties, we dismiss the appeal for want of jurisdiction.

## Background

Doris sued Alan for divorce in 2010. Alan generally denied Doris's suit and entered a plea in abatement, contending that no marriage existed between the parties to dissolve. In reply, Doris petitioned for a declaratory judgment that she and Alan informally married after their 1999 divorce. After a bench trial on Doris's declaratory judgment action, the trial court entered judgment in the same number as the underlying divorce suit, finding that a common-law marriage exists between Doris and Alan.

## Discussion

The general rule is that, absent a statutory exception, an appeal may only be taken from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record. *Id.*

The trial court's November 8, 2011 judgment is interlocutory. The declaratory judgment finds that the parties are informally married; it does not, however, address Doris's suit for divorce. Nor does the judgment effectively dispose of the underlying divorce action, as the trial court merely entered judgment

2

declaring that the parties are informally married. Although Doris's petition for declaratory relief bears the number of the underlying divorce action and a separate number, nothing in the record reveals that proceedings were severed. The trial court entered judgment of an informal marriage in the same number as the underlying divorce proceedings. Because the divorce action remains pending before the trial court, the court's November 8, 2011 judgment is interlocutory. Hence, we lack jurisdiction over this appeal.

Citing *Nguyen v. Nguyen*, Alan contends that appellate jurisdiction for review of the trial court's order is proper. 355 S.W.3d 82, 87 (Tex. App.—Houston [1st Dist.] 2011, pet. denied). But *Nguyen* is inapposite to the facts of this case. There, the trial court's judgment declared that no valid marriage had existed between the parties, thereby effectively disposing of all claims between the putative husband and wife. *Id.* The judgment provided that it disposed of all parties and claims in the action. It was, therefore, a final judgment. In this case, the trial court's judgment does not dispose of all pending claims; the divorce action, namely, remains pending before the trial court.

## Conclusion

We lack jurisdiction to review the trial court's November 8, 2011 interlocutory finding that an informal marriage exists between Doris McGilbery

and Alan McGilbery as it does not dispose of the underlying divorce suit between the parties. Accordingly, we dismiss the appeal for want of jurisdiction.

Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.